|  |  |
|---|---|
| DAVID BRYAN TURNER, Jr., Booking No. 197347785,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO HARBOR POLICE, Police Officer John Doe; SHERIFF DEP.'T, San Diego Sheriff John Doe; METROPOLITAN TRANSIT SYSTEMS, Trolley Police Officer Jane Doe,<br><br>Defendants. | Case No.: 3:19-cv-1982 GPC (RBM)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2],**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b).** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

David Bryan Turner, Jr., ("Plaintiff"), incarcerated at the George Bailey Detention Facility ("GBDF") located in San Diego, California, has filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

## I. Motion to Proceed IFP[1]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice that Plaintiff has been previously barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g). *See Turner v. United State of America, et al.*, S.D. Cal. Civil Case No. 3:19-cv-01305-JAH-MDD (Aug. 27, 2019) (Order denying motion to proceed IFP on the ground that Plaintiff has filed at least five (5) civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.") (hereafter *Turner I*). However, because Plaintiff makes vague allegations that he is currently in "imminent danger," an exception to the § 1915(g) bar, the Court will permit Plaintiff to proceed IFP in this matter.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a copy of his GBDF Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This document shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 2 at 4. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Watch Commander of GBDF, or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

///
///
///
///

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Factual Allegations

Plaintiff's Complaint contains very few specific factual allegations and the few allegations that are made are disjointed and difficult to discern. On September 18, 2019, Plaintiff alleges that he was in "wanton pain caused by being place[d] in imminent danger at the court date." (Compl. at 3.) Plaintiff apparently made a request to be seen "by the doctor for the injuries" but he was "never seen." (*Id.*) It appears that Plaintiff is claiming to have injuries to his "nerves, hand, face, back, and head" as well as suffering from "P.T.S.D." (*Id.*) Plaintiff alleges that these injuries were "caused by wanton conduct by San Diego Sheriff Departments." (*Id.*) Plaintiff claims that the County of San Diego has policies that resulted in "harm to [Plaintiff]" including a "broken hand, head trauma, neck pain, and great P.T.S.D." (*Id.*)

On July 21, 2019, Plaintiff allegedly forced to take off his clothing in order for the San Diego Sheriff Deputies to conduct a "visual cavity search." (*Id.* at 9.) Plaintiff claims during this search, "other inmates were present and [Plaintiff] did not have a curtain between him and another inmate." (*Id.*) Plaintiff alleges he was searched "for no reason" in violation of "California privacy rights" according to the "policy adopted by the County of San Diego." (*Id.*) Plaintiff further claims he is in "imminent danger of serious physical injury because of the policy of the use of force by handcuffs in the San Diego County Jails." (*Id.*)

On October 13, 2018, Plaintiff claims he was "returning from the hospital with a broken hand on the trolley." (*Id.* at 12.) Plaintiff was "stopped by the [Metropolitan Transit System ("MTS")] trolley police." (*Id.*) Plaintiff alleges Defendant Jane Doe "wrote [Plaintiff] a ticket" because he "could not find his trolley pass." (*Id.*) Defendant Jane Doe "called the San Diego County Sheriff Department." (*Id.*) San Diego County Sheriff Deputies "John Does and Jane Does" arrived and "placed overly tight handcuffs" onto Plaintiff. (*Id.*) Plaintiff alleges that the San Diego County Sheriff Deputies "starting twisting" Plaintiff and "slammed [Plaintiff] face first on the pavement." (*Id.*)

///

On October 22, 2018, Plaintiff alleges that he was "arrest[ed] by John Doe Harbor Police Officer" and taken to San Diego County of Mental Health facility. (*Id.*) Plaintiff was given a "shot" and "woke up nude at the Central Jail in great pain with no doctor's care." (*Id.*)

Plaintiff seeks injunctive relief, $21,000,000 in compensatory damages, $21,000,000 in punitive damages, and "release from County Jail." (*Id.* at 18.)

C. Duplicative Claims

As an initial matter, the Court notes that Plaintiff is raising claims duplicative of a previous action he has filed. As noted above, Plaintiff previously filed a civil rights action in which he raised the identical claims against the actions that arose in October of 2018 against the MTS, the Harbor Police Department, and the San Diego County Sheriff's Department. *See Turner I*, ECF No. 1 at 3-5. A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). While Plaintiff was denied the ability to proceed IFP in *Turner I* due to his having accumulated multiple "strikes" pursuant to 28 U.S.C. § 1915(g), he cannot simply re-allege these allegations in another matter in which he was given IFP status.[3] Even though Plaintiff was denied IFP status in *Turner I*, he had the ability to pursue those claims by paying the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a). He chose not to pay those fees and thus, the Court finds that he cannot proceed with those claims in this action.

///

///

---

[3] In addition, in *Turner I,* United States District Judge John Houston took judicial notice of the Court's own docket and found that "Turner has filed more than two dozen similar cases over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, County Sheriff's Department officials, and the Metropolitan Transit Authority." *Turner I,* ECF No. 3 at 2, fn. 1.

Therefore, because Plaintiff already filed an action with identical claims presented in the instant action, the Court must dismiss the duplicative claims brought in this action pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446.

### D. San Diego Sheriff's Department

Plaintiff claims that he has been "denied the right to medical care/freedom from cruel and unusual punishment." (Compl. at 3.) Plaintiff claims that he has suffered injuries "by San Diego Sheriff Departments" manifesting extreme indifference to the injury to [Plaintiff]." (*Id.*) Plaintiff contends that the actions are due to "policies adopted by County of San Diego." (*Id.*)

To the extent Plaintiff names the San Diego Sheriff's Department, *see* Compl. at 1, he fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, local law enforcement departments (like the San Diego Sheriff's Department) are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The San Diego Sheriff's Department is a department of the County of San Diego—but is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983.")

E.  Monell Liability

However, the County of San Diego *itself* may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988). As a municipality, the County *may* be held liable under § 1983–but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's fails to state a claim against the County of San Diego because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights).

F.  Medical Care Claims

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*,

833 F.3d 1060, 1070 (9th Cir. 2016)). Therefore, "the plaintiff must 'prove more than negligence but less than subjective intent - something akin to reckless disregard.'" *Id.*

Plaintiff must allege facts sufficient to show that:

> (i) [each] defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) [each] defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, [each] defendant caused [his] injuries.

*Gordon*, 888 F.3d at 1125.

Here, Plaintiff's Complaint is devoid of any specific allegation regarding his requests for medical care. Moreover, he does not even attempt to identify a specific individual whom he claims denied him medical care.

G. <u>State Law Claims</u>

Plaintiff also seeks to bring California state law claims against the named Defendants. (*See* Compl. at 9.) However, because Plaintiff has failed to allege a violation of federal law, the Court exercises its discretion to dismiss his pendent state law claims without prejudice. 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– [it] has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.").

H. <u>Leave to Amend</u>

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted and contains claims that are frivolous. Therefore, it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). However, Plaintiff may not re-allege the claims the Court found to be duplicative of a previous action he filed.

**III. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2. The Watch Commander of the GBDF, or their designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

4. The Court **DISMISSES** Plaintiff's Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Court **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)

("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use in amending.

**IT IS SO ORDERED**.

Dated: October 31, 2019

Hon. Gonzalo P. Curiel
United States District Judge