UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, Jr., Booking No. 197347785, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO; SAN DIEGO HARBOR POLICE, Police Officer John Doe; SAN DIEGO SHERIFF DEPT., John Doe; METROPOLITAN TRANSIT SYSTEMS, Trolley Police Officer Jane Doe; STATE OF CALIFORNIA; CITY OF SAN DIEGO; WILLIAM D. GORE; CAPTAIN BUCHANAN, <br><br> Defendants. | Case No.: 3:19-cv-1982 GPC (RBM) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

## I.     Procedural History

On October 11, 2019, David Bryan Turner, Jr., ("Plaintiff"), incarcerated at the George Bailey Detention Facility ("GBDF") located in San Diego, California, filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No.

2). The Court granted Plaintiff's Motion to Proceed IFP[1] but simultaneously dismissed his Complaint for failing to state a claim and as frivolous for raising claims duplicative of an action he had already filed. (ECF No. 3.) Plaintiff was granted leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 10-11.)

Plaintiff filed a First Amended Complaint ("FAC") on November 14, 2019. (ECF No. 4). However, the claims raised in the FAC are vague and do not appear to relate to the claims that he raised in his original Complaint. Moreover, Plaintiff no longer names San Diego Harbor Police, San Diego Sheriff Department, or the Metropolitan Transit System as Defendants. He does, however, add the State of California, City of San Diego, William D. Gore, and Captain Buchanan as Defendants.

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

---

[1] The Court took judicial notice that Plaintiff has been previously barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g). *See Turner v. United State of America, et al.*, S.D. Cal. Civil Case No. 3:19-cv-01305-JAH-MDD (Aug. 27, 2019) (Order denying motion to proceed IFP on the ground that Plaintiff has filed at least five (5) civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.") (hereafter *Turner I*). In fact, Plaintiff has filed twenty-six (26) civil rights actions in this Court since 2009. However, because Plaintiff made vague allegations that he was currently in "imminent danger" at the time he initially filed this action, an exception to the § 1915(g) bar, the Court permitted Plaintiff to proceed IFP in this matter. *See* PACER, https://pcl.uscourts.gov/pcl/pages/welcome.jsf (website last visited December 23, 2019.)

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Rule 8

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677-78. In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was

"argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

Here, Plaintiff's FAC contains virtually no specific factual allegations. Moreover, his FAC is disjointed and difficult to discern what claims he is attempting to make. While "legal conclusions" like "cruel and unusual punishment" "can provide the framework of a complaint, they must be supported by factual allegations," lest the Plaintiff face dismissal. *Iqbal*, 556 U.S. at 678.

The Court finds Plaintiff's FAC violates Rule 8 of the FRCP by failing to provide Defendants fair notice of the wrongs allegedly committed. Accordingly, the Court **DISMISSES** the entire Complaint on Rule 8 grounds.

    C.    <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

    D.    <u>State of California</u>

The State of California is not a "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *see also Jackson v. Arizona*, 885

F.2d 639, 641 (9th Cir. 1989) (dismissing prisoner's § 1983 suit against the State of Arizona as legally frivolous), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130; *Brand v. Schubert*, No. 2:16-CV-1811 MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (sua sponte dismissing § 1983 claims against the State of California on sovereign immunity grounds pursuant to 28 U.S.C. § 1915A).

E.    Monell Liability

Both the City of San Diego and the County of San Diego, as local government units, may be considered a "person" and therefore, a proper defendant under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988). However, the local government units may be held liable under § 1983 only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's Complaint fails to state a claim against either the City of San Diego or the County of San Diego because he has failed to allege any facts which "might plausibly suggest" that the County or City violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of

plaintiff's constitutionally protected rights).

And while Sheriff Gore and Captain Buchanan are also "persons," his FAC fails to allege how, or to what extent, these purported parties "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire*, 726 F.3d at 1074-75; *Iqbal,* 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim). As pleaded, it appears Plaintiff seeks to hold Sheriff Gore and Captain Buchanan liable for the acts of unidentified subordinates. But "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

## III.   Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend sufficient facts to support his claims to no avail. Therefore, the Court finds further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend

and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## IV.    Conclusion and Order

Accordingly, the Court:

1)    **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to comply with FRCP 8 and for failing to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3)    **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: January 3, 2020

Hon. Gonzalo P. Curiel
United States District Judge